| | |
|---|---|
| 1 | James E. Doroshow, Esq. (SBN: 112920) |
| | jdoroshow@linerlaw.com |
| 2 | Brian T. Hafter, Esq. (SBN: 173151) |
| | bhafter@linerlaw.com |
| 3 | Robert M. Shore, Esq. (SBN: 166018) |
| | rshore@linerlaw.com |
| 4 | Kevin Clonts, Esq. (SBN: 229696) |
| | kclonts@linerlaw.com |
| 5 | LINER GRODE STEIN YANKELEVITZ |
| | SUNSHINE REGENSTREIF & TAYLOR LLP |
| 6 | 1100 Glendon Avenue, 14th Floor |
| | Los Angeles, California 90024-3503 |
| 7 | Telephone: (310) 500-3500 |
| | Facsimile: (310) 500-3501 |

Attorneys for Defendant and Counterclaimant
MERCURY CABLE & ENERGY, a C-Corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| CTC CABLE CORPORATION, a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MERCURY CABLE & ENERGY, LLC, a Nevada limited liability company,<br><br>Defendant.<br><br>MERCURY CABLE & ENERGY, LLC, a C-Corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>CTC CABLE CORPORATION, a Nevada corporation,<br><br>Counterdefendant. | Case No. SACV 09-261 DOC (MLGx)<br><br>Hon. David O. Carter<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MERCURY CABLE & ENERGY'S MOTION TO STAY THE LITIGATION PENDING REEXAMINATION OF THE '162 AND '319 PATENTS**<br><br>Date: August 3, 2009<br>Time: 8:30 a.m.<br>Courtroom: 9-D<br><br>Date Action Filed: March 3, 2009 |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................................1

II.   BACKGROUND ..................................................................................................2

III.  THE COURT SHOULD STAY THIS CASE ......................................................3

    A.   A Stay Will Not Unduly Prejudice or Present a Clear Tactical Disadvantage for Plaintiff. ..........................................................5

    B.   A Stay Will Simplify the Issues in Question and Trial of the Case. ........................................................................................................7

    C.   This Case is Still in its Very Early Stages. ...............................................9

IV.   THE COURT SHOULD STAY THE ENTIRE ACTION ................................10

V.    CONCLUSION ...................................................................................................11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO STAY
THE LITIGATION PENDING REEXAMINATION OF THE '162 AND '319 PATENTS

0012538/001/ 42942v07

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

*ASCII Corp. v. STD Entm't USA, Inc.*,
  844 F.Supp. 1378 (N.D. Cal. 1994) .................................................................. 3

*Cornerstone BioPharma, Inc. v. Vision Pharma, LLC*,
  2008 U.S. Dist. LEXIS 76374 (E.D.N.C. 2008) ................................................ 3

*In re Cygus Telecomms. Tech., LLC*,
  385 F.Supp.2d 1022 (N.D. Cal. 2005) ............................................................... 1

*Guthy-Renker Fitness LLC v. Icon Health & Fitness*,
  48 U.S.P.Q.2D (BNA) 1058 (C.D. Cal. 1998) ............................. 1, 2, 4, 5, 6, 7

*Ho Keung Tse v. Apple, Inc.*,
  2007 U.S. Dist. LEXIS 76521 (N.D. Cal. 2007) ................................. 2, 3, 4, 5, 7

*IMAX Corp. v. In-Three, Inc.*,
  385 F.Supp.2d 1030 (C.D. Cal. 2005) ............................................................... 4

*Methode Elecs., Inc. v. Infineon Techs. Corp.*,
  2000 U.S. Dist. LEXIS 20689 (N.D. Cal. 2000) ................................................ 5

*Methode Elecs.*,
  U.S. Dist. LEXIS 20689 ..................................................................................... 3

*Photoflex Products, Inc. v. Circa 3 LLC*,
  2006 U.S. Dist. LEXIS 37743 (N.D. Cal. 2006) ................................................ 3

*Research in Motion Ltd. v. Visto Corp.*,
  545 F.Supp.2d 1011 (N.D. Cal. 2008) ....................................................... 1, 2, 5

*SKF Condition Monitoring*,
  88 U.S.P.Q.2D (BNA) at 18 ................................................................................ 4

*SKF Condition Monitoring, Inc. v. SAT Corp.*,
  88 U.S.P.Q.2D (BNA) 1038 (S.D. Cal. 2008) ................................................... 4

*Sorensen v. Black & Decker Corp.*,
  2007 U.S. Dist. LEXIS 66712 (S.D. Cal. 2007) ............................................ 2, 6

*Sorensen v. Digital Networks N. Am. Inc., No. C 07-05568 JSW*,
  2008 U.S. Dist. LEXIS 6454 (N.D. Cal. 2008) .................................................. 6

## FEDERAL STATUTES

35 U.S.C. § 302 ......................................................................................................... 3

## I. INTRODUCTION

On June 16, 2009, Defendant Mercury Cable & Energy ("Mercury") filed two petitions with the U.S. Patent and Trademark Office ("PTO") for reexamination of the patents that form the basis of Plaintiff CTC Cable's lawsuit -- i.e., U.S. Patent No. 7,368,162 and U.S. Patent No. 7,211,319 (the "Patents"). The reexamination petitions clearly demonstrate the existence of significant prior art, which Mercury believes will result in the PTO rendering the Patents invalid, in whole or in part. See Hafter Decl., Exs. C and D. Accordingly, through this motion, Mercury seeks to stay this litigation pending the PTO's determination of the reexamination petitions.

Federal courts have held that there is a liberal policy in favor of stays pending reexamination. The courts have articulated three factors in evaluating a stay request: (1) if granting a stay will not unduly prejudice the plaintiff or present it with a clear tactical disadvantage; (2) if the stay will simplify the issues and the trial; and (3) if the case is in its early stages. <u>Guthy-Renker Fitness LLC v. Icon Health & Fitness</u>, 48 U.S.P.Q.2D (BNA) 1058, *5 (C.D. Cal. 1998). All three factors clearly favor a stay of these proceedings here.

<u>First</u>, Mercury has filed the petitions for reexamination promptly and during the very early stages of this litigation. Because the parties have not yet invested substantial expense or time in this litigation, Plaintiff will not suffer undue prejudice or disadvantage if the litigation is stayed while the PTO considers Mercury's reexamination petitions.

<u>Second</u>, the reexamination petitions will greatly simplify the issues in this litigation. By staying this case, the Court and the parties will avoid expending a significant amount of time and resources conducting discovery and construing claims that are likely to be declared invalid or amended as a result of the reexaminations. Moreover, if one or more claims should survive reexamination, the Court will have the benefit of the PTO's expert review of the asserted claims, and a richer and more

complete prosecution history in order to ultimately properly construe the claim terms.

<u>Third</u>, this case is in its early stages. The parties exchanged initial written disclosures on June 23, 2009. There is a scheduling conference set for August 3, 2009, but no trial date, *Markman* hearing, or other deadlines have been set. Moreover, no depositions have been taken, and the discovery requests that CTC only recently served have been deferred by the Court pending resolution of this motion. Accordingly, all relevant factors clearly favor a stay of this litigation pending a decision by the PTO on the reexamination petitions.

## II.   BACKGROUND

Plaintiff CTC Cable Corporation ("Plaintiff") claims that it is the assignee of the Patents, which relate to power transmission cables having composite cores surrounded by resin or other matrix materials.[1] *See* Declaration of Brian T. Hafter ("Hafter Decl."), ¶ 2 & **Exhibit A**. On March 3, 2009, CTC filed its initial Complaint, which asserted two claims against Mercury for infringement of each of the Patents. *Id.*

On May 21, 2009, Plaintiff filed with the Court its First Amended Complaint, which includes the same two claims for patent infringement. In addition, the First Amended Complaint adds one additional claim for alleged copyright infringement, in which Plaintiff now asserts that Defendant has used a photograph of a cable that is the subject of the Patents. *Id.* ¶ 3 & **Exhibit B**.

On June 16, 2009, Mercury filed with the PTO two requests for reexamination, one for each of the Patents. Hafter Decl. ¶ 4 & **Exhibits C & D**. In general, the reexamination petitions demonstrate that the Patents are invalid because the claims of the Patents are rendered obvious by prior art. *Id.*

---

[1] Composite cores are made of two or more different fiber types, such as carbon fibers and glass fibers.

As shown more specifically in the reexamination petitions, the Patents are rendered obvious by the combination of the references of two United States patents, i.e., U.S. Patent No. 6,015,953 (the '953 patent) and U.S. Patent No. 5,093,162 (the first '162 patent). The '953 patent discloses a power transmission cable with a composite carbon core. The majority of limitations in the Patents are present in the '953 patent. Those limitations in the Patents that are missing from the '953 patent recite either the existence or various properties of a glass fiber outer core, and these limitations are supplied by the prior '162 patent. As the PTO examiner will certainly understand, the motivation for combining the two references would be known to one of skill in the art because it is known in the art that the addition of glass fibers to carbon fibers is a means to adjust the stiffness of carbon fibers. *Id.* As such, there is a high probability that the PTO will invalidate the Patents in this litigation, in whole or in part.

This litigation is in its early stages. The parties exchanged initial written disclosures on June 23, 2009. There is a scheduling conference set for August 3, 2009, but no trial date, *Markman* hearing, or other deadlines have been set. Hafter Decl. ¶ 5. Moreover, no discovery has been completed.[2] *Id.* ¶ 6.

### III.   THE COURT SHOULD STAY THIS CASE

35 U.S.C. § 302 states: "Any person at any time may file a request for reexamination by the [PTO] of any claim of a patent on the basis of any prior art cited under the provisions of section 301." "Congress enacted the [PTO] reexamination procedure to provide an inexpensive, expedient means of determining patent validity which, if available and practical, **should be deferred to by the courts**." ASCII Corp. v. STD Entm't USA, Inc., 844 F.Supp. 1378, 1380 (N.D. Cal. 1994) (emphasis added) (citation omitted); *see also* Ho Keung Tse v. Apple, Inc.,

---

[2] The Court deferred CTC's recently-served discovery requests pending resolution of this motion. Hafter Decl. ¶ 6.

2007 U.S. Dist. LEXIS 76521, at *3-4 (N.D. Cal. 2007) (noting that "Congress instituted the reexamination process to shift the burden of reexamination of patent validity from the courts to the PTO," and to allow courts to utilize "the PTO's specialized expertise to reduce costly and timely litigation").

This Court unquestionably has the authority to order a stay in a patent case pending the outcome of a patent reexamination proceeding before the PTO. *See* Guthy-Renker Fitness, 48 U.S.P.Q.2D (BNA) 1058, at *4 (a district court has "the authority to order a stay pending the outcome of reexamination proceedings in the PTO"); SKF Condition Monitoring, Inc. v. SAT Corp., 88 U.S.P.Q.2D (BNA) 1038, *18 (S.D. Cal. 2008) (noting that the issue is within the Court's "sound discretion"). In fact, there is a **"liberal policy in favor of granting motions to stay** proceedings pending the outcome of reexamination proceedings." Guthy-Renker Fitness, 48 U.S.P.Q.2D (BNA) 1058, at *4-5, *quoting* ASCII Corp., 844 F.Supp. at 1381 (emphasis added); Ho Keung Tse, 2007 U.S. Dist. LEXIS 76521, at *5, ("[t]he legislative history surrounding the establishment of the reexamination proceeding evinces congressional approval of district courts liberally granting stays") (citation omitted).

Whether the Court should grant a motion to stay pending reexamination depends on a consideration of three factors:

    (1)    Whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;

    (2)    Whether a stay will simplify the issues in question and trial of the case; and

    (3)    Whether discovery is complete or a trial has been set.

Guthy-Renker Fitness, 48 U.S.P.Q.2D (BNA) 1058, at *5, SKF Condition Monitoring, 88 U.S.P.Q.2D (BNA) at *18. **As we now demonstrate, all three factors clearly support granting a stay in this case.**

### A. A Stay Will Not Unduly Prejudice or Present a Clear Tactical Disadvantage for Plaintiff.

The first factor in considering a party's motion to stay a patent action pending reexamination is whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *E.g.,* Guthy-Renker Fitness, 48 U.S.P.Q.2D (BNA) 1058, at *5. Here, Plaintiff cannot possibly demonstrate prejudice or a tactical disadvantage.

Plaintiff must provide this Court with evidence that Mercury brought the reexamination to unduly delay the case or for dilatory reasons. *See* Ho Keung Tse, 2007 U.S. Dist. LEXIS 76521, at *12 ("There is simply no indication that Defendants have requested reexamination as a dilatory tactic; this is not a case where, for example, a party has requested reexamination only after either an unfavorable ruling by the court or a favorable ruling by the PTO"); Methode Elecs., Inc. v. Infineon Techs. Corp., 2000 U.S. Dist. LEXIS 20689, at *7 (N.D. Cal. 2000) (holding that defendants were not dilatory and "did not unduly delay" in bringing a motion to stay even though not brought until nearly eight months after the filing of the complaint).

To satisfy this factor, Plaintiff may not merely rely upon the delay inherently caused by a reexamination. Research in Motion Ltd. v. Visto Corp., 545 F.Supp.2d 1011, 1012 (N.D. Cal. 2008) (finding that there is no prejudice due solely to the reexamination because "the delay in having such claims adjudicated in court, does not, by itself, constitute undue prejudice"); Ho Keung Tse, 2007 U.S. Dist. LEXIS 76521, at *12 ("[m]ere delay, without more though, does not demonstrate undue prejudice") (citation omitted).

As shown, the procedural status of this case demonstrates that Mercury did not file the reexaminations in order to unduly prejudice Plaintiff or to create a clear tactical disadvantage for Plaintiff. To the contrary, Mercury promptly filed the reexaminations shortly after Plaintiff lodged its First Amended Complaint with the

Court, and at a very early stage of these proceedings. *See* <u>Sorensen v. Digital Networks N. Am. Inc.</u>, No. C 07-05568 JSW, 2008 U.S. Dist. LEXIS 6454, at *2 (N.D. Cal. 2008) ("Granting a stay does not cause the nonmoving party undue prejudice when the party has not invested substantial expense and time in the litigation"). *See also* <u>Guthy-Renker Fitness</u>, 48 U.S.P.Q.2D (BNA) 1058, at *7 (in accord). Given the early stages of these proceedings, Plaintiff cannot demonstrate prejudice if the Court grants Mercury's stay motion at this time.

Not only would Plaintiff **not** suffer prejudice due to a stay, but there is the real possibility that Mercury would be prejudiced, and irreparably so, if a stay were denied. In its reexaminations, the PTO is not bound by the findings of a district court. <u>Sorensen v. Black & Decker Corp.</u>, 2007 U.S. Dist. LEXIS 66712, at *14-15 (S.D. Cal. 2007), *citing* <u>In re Trans Texas Holdings Corp.</u>, 498 F.3d 1290, 1296-98 (Fed. Cir. 2007). Because the PTO is not bound by the findings of a district court, courts have found that the failure to grant a stay could irreparably harm a defendant in an infringement action. As the <u>Sorensen</u> court explained:

> **Not only could the Court and the PTO reach conflicting determinations, but one possible scenario could result in irreparable harm to [Defendant]: if this Court finds that the [patent] is not invalid and that [Defendant] has infringed it, and orders [Defendant] to pay damages to [Plaintiff] for such infringement, then [Defendant] would have no ability to recover those damages if at a later date the PTO determined that the [] patent is invalid.**

<u>Sorensen v. Black & Decker Corp.</u>, 2007 U.S.Dist.LEXIS 66712, at *15, *quoting* <u>Bausch & Lomb, Inc. v. Alcon Lab., Inc.</u>, 914 F.Supp. 951, 952 (W.D.N.Y. 1996) (brackets in original).

Here, Mercury would clearly face the potential for the same type of irreparable prejudice were this litigation to proceed during the PTO's consideration of the reexamination petitions. There is a strong likelihood that the PTO will find at least some, if not all, of the claims of the Patents to be invalid or significantly alter

1  the claims. If the result of this lawsuit is a finding that the patent claims are valid --
2  before the PTO proceedings are complete -- then further litigation would
3  unnecessarily expose Mercury to the possibility of inconsistent rulings and to a
4  damage determination that may not be justified if the PTO later invalidates the
5  Patents.

6        **B.    A Stay Will Simplify the Issues in Question and Trial of the Case.**

7        The PTO grants over 95% of all requests for *ex parte* reexaminations.
8  http://www.patentlyo.com/patent/2008/06/inter-partes-re.html. Hafter Decl. ¶ 7 &
9  **Exhibit E**. In about seventy-seven percent (77%) of these cases, claims are
10 cancelled or amended. See Guthy-Renker Fitness, 48 U.S.P.Q.2D (BNA) 1058, at
11 *6; *see also* Ho Keung Tse, 2007 U.S. Dist. LEXIS 76521, at *9 (stating that "the
12 PTO cancels all claims in approximately twelve percent of all reexaminations and
13 changes some claims in approximately sixty-four percent").

14       Allowing the PTO an opportunity to complete its reexamination of the Patents
15 will greatly simplify this case -- or even eliminate the need for this case -- and will
16 result in judicial economy and efficiency for the Court. Given the significant and
17 substantial prior art presented by Mercury to the PTO in the reexamination petitions,
18 it is highly likely that the claims will be invalidated or, at the very least, significantly
19 altered. See **Exhibits C & D**.

20       If the PTO determines that the Patents are invalid (or any of the claims are
21 invalid), then a stay would eliminate the need for discovery and trial on those issues.
22 *See* Guthy-Renker Fitness, 48 U.S.P.Q.2D (BNA) 1058, at *5-6, *citing* Gould v.
23 Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Circ. 1983) ("waiting for the
24 outcome of the reexamination could eliminate the need for trial if the pertinent
25 claims are cancelled"); Ho Keung Tse, 2007 U.S. Dist. LEXIS 76521, at *10 ("if the
26 PTO finds some or all of the claims of the patent are invalid, the Court will have
27 wasted resources and the parties will have spent funds addressing an invalid claim or
28 claims if this action goes to trial prior to the re-examination").

1  Alternatively, if the reexaminations result in amendments to or narrowing of
2  the Patents' claims, then there will also be simplification of the issues for trial before
3  the Court. Research in Motion, 545 F.Supp.2d at 1012 (because the PTO usually
4  cancels or alters one or more of the claims in a reexamination, "a stay would likely
5  narrow and clarify the issues for trial").

6  Moreover, where amendment or narrowing occurs during the reexamination
7  process, duplication can be avoided. For example, if the Court were not to grant a
8  stay here, then the parties and the Court will spend a significant amount of time and
9  resources (1) completing patent related discovery, as well as (2) construing the
10 meaning of the Patents. If reexamination results in invalidation of any claims or
11 amendment to any claims, then all of this time consuming and expensive litigation
12 activity will be wasted because the parties may then have to conduct new discovery
13 and claim construction for any claims that survive the reexamination process. See
14 Guthy-Renker Fitness, 48 U.S.P.Q.2D (BNA) 1058, at *6 ("Absent a stay, the parties
15 may end up conducting a significantly wider scope of discovery than necessary, and
16 the court may waste time examining the validity of claims which are modified or
17 eliminated altogether during reexamination").

18 Furthermore, the Court will clearly benefit by waiting for the completion of
19 the reexamination process before the PTO. After reexamination is complete, this
20 Court will have the benefit of the PTO's expertise and analysis of the prior art and
21 patent claims, which will assist both the parties and the Court in resolving the patent
22 claims in this case. Guthy-Renker Fitness, 48 U.S.P.Q.2D (BNA) 1058, at *5-6
23 ("waiting for the outcome of the reexamination could [. . .] facilitate trial by
24 providing the court with [the] expert opinion of the PTO and clarifying the scope of
25 the claims"). Also, waiting for completion of the reexamination proceedings will
26 allow the Court to have a "richer prosecution history" upon which to base any
27 subsequent claim construction rulings. In re Cygus Telecomms. Tech., LLC, 385
28 F.Supp.2d 1022, 1024 (N.D. Cal. 2005). In short, if a stay is granted, the Court and

the parties will have the benefit of a complete prosecution history for the Patents prior to construing any asserted Patent claims.

### C. This Case is Still in its Very Early Stages.

"A stay is **particularly appropriate** for cases in the initial stages of litigation or in which there has been little discovery." Ho Keung Tse, 2007 U.S. Dist. LEXIS 76521, at *5 (emphasis added). *See also* Guthy-Renker Fitness, 48 U.S.P.Q.2D (BNA) 1058, at *6 (granting a stay when the "parties ha[d] not engaged in expensive discovery and no trial date ha[d] been set").

Here, this case is in its infancy, making a stay particularly appropriate. As stated, the parties only recently exchanged initial written disclosures on June 23, 2009. There has not yet been a scheduling conference with the Court -- the scheduling conference is now set for August 3, 2009; and no trial date, *Markman* hearing, or other deadlines have been set. Hafter Decl. ¶ 5. Moreover, no depositions have been taken, and the discovery requests that CTC only recently served have been deferred by the Court pending resolution of this motion. *Id.* ¶ 6.

That Plaintiff has recently served initial discovery -- and apparently only in response to this motion to stay -- does not militate against a stay, because discovery is in its very early stages. Sorensen v. Black & Decker Corp., 2007 U.S. Dist. LEXIS 66712, at *11 (finding a stay appropriate even though the case had been ongoing for a year and "substantial amounts of discovery have already occurred, [because] **the more relevant inquiry is whether discovery is nearing completion**") (emphasis added). Further, while this action is in its infancy, courts have granted stays of litigation pending reexamination of a patent in cases that are much farther along than this case. *See, e.g.* Ho Keung Tse, 2007 U.S. Dist. LEXIS 76521, at *2-3 (granting a stay even though the scheduling order had been entered, preliminary infringement contentions had been served, and a motion to strike the preliminary infringement contentions had been filed); Research in Motion, 545 F.Supp.2d at

1012 (granting a stay even though discovery was underway and the trial date had been set).

In short, all relevant factors clearly favor a stay of this litigation at this time.

## IV. THE COURT SHOULD STAY THE ENTIRE ACTION

A district court has the inherent power to stay the *entire* action, including non-patent claims. *See, e.g.*, Cornerstone BioPharma, Inc. v. Vision Pharma, LLC, 2008 U.S. Dist. LEXIS 76374, *5-6 (E.D.N.C. 2008) (staying entire action, including copyright and unfair competition causes of action, because all claims arose from the "initial question of validity of the disputed" patent); Methode Elecs., U.S. Dist. LEXIS 20689, at *8-9 (granting a stay of all proceedings in a matter involving separate causes of action for infringement of two patents even though only one patent was the subject of the reexamination). A stay of non-patent claims is particularly appropriate where there "are significant overlapping issues between the patent claim and the[ ] other claims whereby a stay of the other claims would reduce the burden of litigation on both the parties and the Court." Photoflex Products, Inc. v. Circa 3 LLC, 2006 U.S. Dist. LEXIS 37743, *7 (N.D. Cal. 2006) (declining to stay causes of action "*completely unrelated* to patent infringement for which a stay would not reduce the burden of litigation on both the parties and the court") (emphasis added) (quotation omitted).

Here, Plaintiff's belatedly asserted copyright claim (based on the claimed use of a single photograph) is clearly an afterthought without any particular significance, including any significant damage potential even if Plaintiff were ultimately to prevail on this "throw away" claim. In fact, Plaintiff added the copyright claim only after Mercury answered the initial Complaint and asserted counterclaims for invalidity, over three months after filing its initial Complaint. On its face, and given the timing of Plaintiff's decision to file it, the copyright claim is hardly the driving force behind this litigation, and does not justify continuing this litigation while the reexamination process takes place before the PTO. *See* **Exhibit B**.

1  Moreover, Plaintiff's copyright claim is intertwined with its patent claims.
2  The copyright claim concerns an image allegedly based upon a photograph of the
3  product that forms the basis of Plaintiff's patent claims. *See* **Exhibit B.** Because all
4  of Plaintiff's causes of action arise from and are related to the alleged infringement
5  of the Patents, a stay is particularly appropriate here for the entire action. IMAX
6  Corp. v. In-Three, Inc., 385 F.Supp.2d 1030, 1033 (C.D. Cal. 2005) (stay appropriate
7  when reexamination will resolve all issues of the case).

### V. CONCLUSION

Given the posture of this case, case law strongly favors granting a stay of the entire litigation at this time. In fact, all of the relevant factors cited in case law overwhelmingly favor granting a stay. By staying this action and waiting for the PTO to complete what it is particularly well equipped to do, i.e., reexamine the Patents, the Court and the parties will all clearly benefit. Mercury has presented the PTO with significant prior art invalidating the Patents, and has moved promptly to bring this prior art to the attention of the PTO. If the Patent claims are invalidated or amended (as happens in over 3 out of every 4 cases), then the need for this case to proceed may be completely eliminated or severely limited. The reexamination process will simplify this case, provide the Court with the PTO's unique expertise in evaluating prior art and the validity of the Patent claims, and will provide the Court and the parties with a richer prosecution history for claim construction should it later be necessary. Because all claims are based upon or related to alleged infringement of the Patents, a stay of the entire matter is clearly appropriate, particularly given the early stage of this litigation.

///
///
///

1   For these reasons, Mercury respectfully requests this Court enter an Order
2  staying this action until the reexamination proceedings before the PTO are complete.

3  Dated: July 8, 2009              LINER GRODE STEIN YANKELEVITZ
                                    SUNSHINE REGENSTREIF & TAYLOR LLP

                                    By:    /S/ Brian T. Hafter
                                           Brian T. Hafter
                                           Attorneys for Defendant and
                                           Counterclaimant
                                           MERCURY CABLE & ENERGY, a
                                           C-Corporation