```
 1  JAMES DOROSHOW, (SBN 224420)
    jdoroshow@foxrothschild.com
 2  FOX ROTHSCHILD LLP
    1800 Century Park East, Suite 300
 3  Los Angeles, CA 90067-1506

 4  Attorneys for Defendant and
    Counterclaimant
 5  MERCURY CABLE & ENERGY, LLC

 6
 7
 8              UNITED STATES DISTRICT COURT
 9              CENTRAL DISTRICT OF CALIFORNIA
10                    SOUTHERN DIVISION
```

| | |
|---|---|
| CTC CABLE CORPORATION, a Nevada corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>MERCURY CABLE & ENERGY, LLC, a Nevada limited liability company,<br><br>  Defendant.<br><br>MERCURY CABLE & ENERGY, a C-corporation,,<br><br>  Counterclaimant,<br><br>vs.<br><br>CTC CABLE CORPORATION, a Nevada corporation,,<br><br>  Counterclaim-Defendant. | Case No.: CV-09-261 DOC (MLGx)<br><br>**DECLARATION OF JAMES E. DOROSHOW IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:         July 19, 1020<br>Time:         8:30 a.m.<br>Department:   9D<br>Honorable David O. Carter |

FOX ROTHSCHILD LLP
[Office Address]

ST1 11618v1 06/28/10

I, James E. Doroshow declare:

1. I am a partner with the law firm of Fox Rothschild LLP, attorneys for Defendant-Counterclaimant Mercury Cable & Energy, LLC in this action. I am duly licensed to practice law in the State of California and the United States District Court, Central District of California. Except as otherwise stated, I know the following facts based upon personal knowledge, and if called to testify as a witness, I could and would testify competently to such facts.

2. CTC filed the Complaint in this action in March 2009. (Compl., D.I. 1.) The Court scheduled the initial case management conference for August 3, 2009 (D.I. 15). Because the Court granted Mercury's motion to stay the case pending re-examination of CTC's patents, the Court cancelled the case management conference and has never entered a case management order. (See D.I. 47.)

3. Shortly after Mercury answered, in May 2009, CTC requested leave to amend its complaint. (D.I. 18.) Mercury consented to this motion, and the Court subsequently granted it. (D.I. 23.)

4. When CTC sought Mercury's consent to CTC's second motion for leave to amend, I asked CTC to join my client and I in requesting that the Court hold a scheduling conference and enter a scheduling order before deciding the motion to amend, including determining the last date for amending pleadings and adding new parties. CTC refused to join my client and I in making such a request.

2

ST1 11618v1 06/28/10

5. The reason Mercury wants a case management conference scheduled is that once a scheduling order enters, there will be certainty concerning the timing of all events in the case, including any motions to amend and to add new parties. Also, since it is my understanding that my client has not made, used or sold any allegedly infringing product in the United States, there is a threshold issue we believe the Court should decide early in this case as to whether CTC has any possible claim of infringement against Mercury or anyone else, including any of the new parties CTC seeks to add in its proposed Second Amended Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 28, 2010, in Los Angeles, California.

/s/ *James E. Doroshow*
JAMES E. DOROSHOW

FOX ROTHSCHILD LLP
[Office Address]

3

ST1 11618v1 06/28/10