James E. Doroshow (SBN 112920)
   jdoroshow@foxrothschild.com
Jonathan R. Lagarenne
   jlagarenne@foxrothschild.com
Alan C. Chen (SBN 224420)
   achen@foxrothschild.com
Christopher R. Kinkade
   ckinkade@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, California  90067-3005
Tel 310.598.4150 / Fax 310.556.9828

Attorneys for Defendants/Counterclaimants
Mercury Cable & Energy, Inc.,
Ronald Morris, Todd Harris,
Edward Skonezny, and Wang Chen

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CTC CABLE CORPORATION,<br><br>            Plaintiff,<br><br>     v.<br><br>MERCURY CABLE & ENERGY, INC., *et al.*,<br><br>            Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.: CV-09-261 DOC (MLGx)<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION**<br><br>The Honorable David O. Carter |

## I. PRELIMINARY STATEMENT

Defendants Mercury Cable & Energy, Inc. ("Mercury"), Ronald Morris, Todd Harris, Edward Skonezny, and Wang Chen (collectively, "Mercury Defendants") respectfully request *ex parte* relief granting the Mercury Defendants leave to answer the Second Amended Complaint (D.I. 123; "SAC") of Plaintiff CTC Cable Corporation ("CTC") in the form of the Answer attached as Exhibit A to the Declaration of James E. Doroshow (filed herewith) and to vacate the entry of default entered against Messrs. Morris, Harris, Skonezny, and Chen. Due to a clerical docketing error, the Mercury Defendants neglected to file an answer to the SAC of Plaintiff CTC. CTC, without notice to or consulting with counsel for the Mercury Defendants regarding the neglected answer to the SAC, filed a motion to enter default, which the Clerk entered automatically with respect to the individual defendants who had not previously answered earlier complaints. All the individual Mercury Defendants are officers of Mercury who CTC is pursuing under a theory of piercing the corporate veil. As shown in the proposed Answer, the individual defendants' response to the allegations in the SAC mirrors that of Mercury and, more to the point, asserts positions that have long been asserted in the case by Mercury. There is neither surprise nor prejudice to CTC in allowing the Mercury Defendants to file a late answer to the SAC.

The Mercury Defendants further file this request for *ex parte* relief to address the imminent violation of an earlier Court Order protecting from disclosure exemplars of Mercury's proprietary products made and marketed outside the United States, to which the Court previously denied CTC access.

The Mercury Defendants additionally file this *ex parte* application to request a scheduling conference at the Court's earliest convenience to address two recent material developments in the case: (1) CTC's Chapter 11 bankruptcy filing dated April 8, 2011; and (2) CTC's substitution of counsel to a firm with whom the

Mercury Defendants had previously consulted about this very case, and who are clearly disqualified from representing CTC in this action.

## II. *EX PARTE* RELIEF IS NECESSARY AND APPROPRIATE

This *ex parte* application is submitted under Local Rule 7-19, because the default entered must be vacated immediately to preserve the rights of the Mercury Defendants, especially the individual defendants who wish to join the pending summary judgment motion, and because of imminent harm emanating from the settlement agreements with respect to disclosure of exemplars of Mercury's proprietary product made outside the United States.  Further, the recent material developments of Plaintiff filing a Chapter 11 bankruptcy petition and hiring new counsel with a conflict of interest as to the Mercury Defendants require an immediate scheduling conference to address these issues, and their impact on this case.

Plaintiff will suffer no prejudice from allowing Mercury Defendants to file a late answer to the SAC to deny claims that have been vigorously denied throughout this litigation and a co-pending state court trade secret action that plaintiffs recently dismissed with prejudice.  Further, the requested modifications to the settlements reached with General Cable and Diversified are necessary to prevent potential irreparable harm to Mercury by unnecessary disclosure of its proprietary technologies.  Finally, although CTC and its new counsel would like to pretend that the bankruptcy has not happened and CTC's new counsel had no relationship with Mercury, the fact is that CTC is bankrupt and CTC's new counsel was consulted by Mercury Defendants with respect to this new matter; and the impact of these events must be quickly addressed to avoid undue prejudice and harm to the Mercury Defendants.  If counsel for CTC is conflicted as Mercury believes this needs to be addressed quickly to avoid harm to Mercury and to prevent the need to re-litigate matters on which they have now appeared. Likewise, with respect to the bankruptcy filing, a clear understanding of the impact of such filing on the case, including the

pending counterclaims asserted by Mercury must be reached promptly to avoid unnecessary waste of time and effort in the case.

The Mercury Defendants have complied in full with Local Rule 7-19. Counsel for the Mercury Defendants contacted Plaintiff's counsel by phone and email regarding all of the above issues as set forth at length in the declaration of James E. Doroshow. Plaintiff has refused to agree with any of the Mercury Defendants' requests other than belatedly indicating it would sign a stipulation allowing only Mercury to file an answer under certain unacceptable conditions.

## III. ARGUMENT

### A. The Court May Set Aside An Entry of Default for Good Cause

A "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Courts apply the same test to evaluate motions to set aside an entry of default under Rule 55(c) as applied to motions to set aside default judgment under Rule 60(b). *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). However, because a Rule 55(c) presents no concern about disturbing the finality of a judgment, the test is applied more liberally. *Id*. To determine whether good cause exists to set aside entry of default, courts consider three factors: (1) whether defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; or (3) whether reopening setting aside entry of default would prejudice plaintiff. *See id.* at 1091; *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The party moving to set aside the entry of default bears the burden of demonstrating that these factors favor setting aside the default. *TCI*, 244 F.3d at 696. "Crucially, however, 'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Mesle*, 615 F.3d at 1091. Accordingly, "where there has been no merits decision, appropriate exercise of district court discretion . . . requires that the finality interest should give way fairly

readily, to further the competing interest in reaching the merits of a dispute." *TCI*, 244 F.3d at 696.

### 1. There is No Culpable Conduct by Mercury Defendants

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and ***intentionally*** failed to answer." *TCI*, 244 F.3d at 697 (emphasis in original). A failure to answer is culpable only if the defendant acted with bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *TCI*, 244 F.3d at 697; *see also Mesle*, 615 F.3d at 1092-93. Culpable conduct typically exists only "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Group*, 244 F.3d at 698. "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Mesle*, 615 F.3d at 1092-93; *see TCI*, 244 F.3d at 696-97; *see also Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009).

The Mercury Defendants' failure to timely respond to the SAC is not culpable conduct. The Mercury Defendants' did not act in bad faith or to purposely interfere with the judicial process. The Mercury Defendants did not timely respond to the SAC as a result of clerical error and oversight by counsel for the Mercury Defendants. *See* Doroshow Decl. ¶ 6. Unfortunately, due to the protracted motion practice around the filing of the SAC, counsel for the Mercury Defendants failed to correctly docket the due date for the response and, thus, neglected to file a timely answer. At all times, however, the Mercury Defendants were actively engaged in responding to CTC's substantive allegations, including preparing and providing expert reports to CTC on non-infringement and invalidity. Mercury has also responded to all prior complaints in this action. Immediately upon learning of the clerical error, in good faith the Mercury Defendants sought leave to file their

Answer. "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional' under our default cases, and is therefore not . . . culpable or inexcusable." *TCI*, 244 F.3d at 698.  Because Mercury Defendants' failure is excusable neglect and CTC is not prejudiced, Mercury Defendants respectfully request that the Court grant leave to answer the SAC and vacate the entry of default against the individual Mercury Defendants.

### 2. Mercury Defendants Have a Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense.  But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Mesle*, 615 F.3d 1094 (quoting *TCI*, 244 F.3d at 700). Rather, the defendant satisfies the meritorious defense requirement if it alleges sufficient facts that, if true, would constitute a defense. *Id.* Whether or not those allegations are true is not determined by the Court upon the motion to set aside the default, but would be the subject of later litigation. *Id.*

The Mercury Defendants have a meritorious defense.  CTC's original complaint contained the very same allegations of infringement of the patents-in-suit. Mercury filed an answer to the original complaint on April 29, 2009, pleading sufficient facts denying all allegations of patent infringement and asserting counterclaims for declaratory judgment of non-infringement and invalidity.  Since then, Mercury has filed a summary judgment motion as to the invalidity of the patents-in-suit and have provided CTC with expert reports concerning invalidity and non-infringement of the patents-in-suit.  Accordingly, the Mercury Defendants have a meritorious defense to CTC's claims of patent infringement, as stated in the SAC.

### 3. There is No Prejudice to CTC

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying the resolution of a case." *TCI*, 244 F.3d at 701.  The standard

is whether plaintiff's ability to pursue its claim will be hindered. *Id.* For a delay to be prejudicial, it must "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (internal citations omitted). Being forced to litigate on the merits cannot be considered prejudicial because the plaintiff would have had to litigate the merits of the case had there been no default. *Id.*

Mercury Defendants' delay in answering the SAC cannot prejudice CTC. CTC's ability to pursue its claims is not hindered. CTC's entire purpose behind the SAC was to include additional defendants and, with respect to the individual Mercury Defendants, assert a basis for piercing the corporate veil. Discovery has proceeded with Mercury responding to interrogatories and document requests from CTC and providing expert reports on behalf of the Mercury Defendants. Discovery is ongoing and the Mercury Defendants anticipate providing responses and documents within the discovery period specified in the scheduling order. CTC is well apprised of the Mercury Defendants' contentions and defenses. Mercury Defendants' have also filed a summary judgment motion for invalidity. The individual defendants wish to join this motion and will rely on what has been filed by Mercury. The delay in answering the SAC does not present any risk of prejudice to CTC, and Mercury Defendants respectfully request that the Court vacate the entry of default against the individual Mercury Defendants and grant leave to answer the SAC.

### B. The Court Should Strike the Portions of CTC's Stipulations with Diversified and General Cable Requiring Disclosure of Mercury's Proprietary Exemplars that are Subject of a Prior Discovery Order

In its stipulations for dismissal and settlement with Diversified and General Cable (D.I. 160, 182), CTC has demanded and requested that the Court order certain discovery, including production of samples of products that would include Mercury Defendants' products that this Court previously Ordered that CTC is not entitled to

6

obtain absent a further showing of relevance to this case—such as after taking depositions of Mercury Defendants regarding Mercury's United States activities. *See* Doroshow Decl. ¶¶ 19-35. CTC has not taken a single deposition of the Mercury Defendants. Doroshow Decl. ¶ 24. CTC cannot point to a single infringing product in the United States[1] and, therefore, should not be entitled to gain access to Mercury's proprietary products, especially since CTC is a competitor of Mercury. CTC is merely attempting to circumvent this Court's prior discovery Order denying CTC access to the products it now seeks. Accordingly, Mercury Defendants respectfully requests that the Court strike those portions of the stipulations with defendants Diversified and General Cable that would enable CTC to contravene this Court's Order.

### C. The Court Should Schedule an Immediate Status Conference

CTC has recently retained counsel with whom Mercury Defendants consulted about this very case. CTC has also recently filed Chapter 11 bankruptcy petition which the Court needs to be aware of and CTC needs to advise of the impact, if any, of such filing. Mercury Defendants have raised these issues with CTC's counsel but have been unable to resolve them. Accordingly, Mercury Defendants respectfully request that the Court schedule a status conference at the Court's earliest available to determine an expedited schedule for hearing Mercury's motion to disqualify counsel for CTC and to address the impact, if any, of CTC's bankruptcy filing on this action.

The filing of a petition for bankruptcy operates as a stay of any judicial action against the debtor. 11 U.S.C. § 362(a)(1); *see Dean v. Trans World Airlines, Inc.*,

---

[1] Notably, even General Cable warrants that it is not making, using, selling, offering for sale, or importing accused products in the United States. Consistent with Magistrate Judge Goldman's Order, any such extraterritorial activities are insufficient to warrant CTC's access to Mercury's proprietary products.

72 F.3d 754 (9th Cir. 1995) (recognizing automatic stay upon filing of bankruptcy petition and finding that any action of a court that could adversely impact the debtor violates the automatic stay). CTC filed a Chapter 11 bankruptcy petition on April 8, 2011. *See* Doroshow Decl. ¶ 8, Ex. C. Because Mercury has asserted invalidity of the patents-in-suit owned by CTC (i.e., assets of the debtor), has a pending motion for summary judgment as to invalidity, and has served three expert reports on invalidity, any further action in this matter or consideration by the Court of the pending motion for summary judgment could have an adverse impact on CTC as a bankrupty debtor and may violate the automatic stay under 11 U.S.C. § 362. CTC, however, advises it will proceed with this action,[2] but has not specifically confirmed that its bankruptcy will have no impact on Mercury's counterclaims and affirmative defenses. *See* Doroshow Decl. ¶ 10, Ex. E. Before potential waste of valuable court resources we wish to apprise the court of this bankruptcy and assure that the Court and the parties have fully addressed any and all impact of the bankruptcy filing.

In any case, Mercury contends that CTC's newly substituted counsel cannot continue to represent CTC, as they previously were consulted by the Mercury Defendants concerning the subject matter of this litigation. *See* Doroshow Decl. ¶¶ 15-18, Ex. H. Counsel cannot take a position or represent a client in a matter adverse to a former actual or **potential** client where that former client has divulged confidential or substantive information concerning the case. Since this case is rapidly coming to a close, with among other things a pending motion for summary judgment, it is imperative that the motion to disqualify be dealt with expeditiously.

---

[2] Despite taking this position, CTC has filed a stipulation for settlement and dismissal of Diversified and General Cable each of which contemplate a stay in the litigation. *See* D.I. 182 at ¶¶ 5, 7.

8
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION

Accordingly, Mercury Defendants respectfully request that the Court schedule a status conference to discuss scheduling of Mercury Defendants' motion to disqualify Knobbe, Martens, Olson & Bear, LLP due to a conflict of interest and otherwise address the impact, if any, of CTC's bankruptcy filing.

## V. CONCLUSION

For the foregoing reasons, Mercury Defendants respectfully ask the Court to grant this *ex parte* application and enter the order submitted concurrently herewith.

DATED: April 14, 2011                     FOX ROTHSCHILD, LLP

By: s/ James E. Doroshow
   James E. Doroshow
   Jonathan R. Lagarenne
   Alan C. Chen
   Christopher R. Kinkade
   1800 Century Park East, Suite 300
   Los Angeles, CA 90067

   *Attorneys for Defendants/Counterclaimants*
   Mercury Cable & Energy, Inc.,
   Ronald Morris, Todd Harris,
   Edward Skonezny, and Wang Chen

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR LEAVE TO ANSWER SAC