1  Craig S. Summers (SBN 108,688)
   craig.summers@kmob.com
2  Irfan A. Lateef (SBN 204,004)
   irfan.lateef@kmob.com
3  Christy G. Lea (SBN 212,060)
   christy.lea@kmob.com
4  Brian C. Claassen (SBN 253,627)
   brian.claassen@kmob.com
5  Christina J. McCullough (SBN 245,944)
   christina.mccullough@kmob.com
6  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   2040 Main Street, 14th Floor
7  Irvine, CA 92614
   Telephone: (949) 760-0404
8  Facsimile: (949) 760-9502

9  Attorneys for Plaintiff
   **CTC CABLE CORPORATION**

10
11 James Doroshow (SBN 112,920)
   jdoroshow@foxrothschild.com
   Jonathan R. Lagarenne
12 jlagarenne@foxrothschild.com
   Alan C. Chen (SBN 224,420)
13 achen@foxrothschild.com
   Christopher R. Kinkade
14 ckinkade@foxrothschild.com
   **FOX ROTHSCHILD LLP**
15 1800 Century Park East, Suite 300
   Los Angeles, CA 90067-3005
16 Telephone: (310) 598-4150
   Facsimile: (310) 556-9828

17
   Attorneys for Defendants
18 **MERCURY CABLE & ENERGY,
   RONALD MORRIS, TODD HARRIS,**
19 **EDWARD SKONEZKY, and WANG CHEN**

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CTC CABLE CORPORATION, a Nevada corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>MERCURY CABLE & ENERGY, INC., etc., et al.,<br><br>        Defendants. | Civil Action No.<br>SACV 09-0261 DOC (MLGx)<br><br>**STIPULATION FOR MOTION SCHEDULE AND PARTIAL STAY**<br><br>The Honorable David O. Carter |

## I. JOINTLY REQUESTED RELIEF

Plaintiff CTC Cable Corporation ("CTC") and Defendant Mercury Cable & Energy, Inc. ("Mercury") jointly request a partial, short-term stay of this case to allow time to resolve issues relating to CTC's recent bankruptcy and Mercury's contemplated motion to disqualify CTC's counsel. However, the parties disagree on the length and terms of the stay.

## II. JOINT BACKGROUND

On Sunday, April 10, 2011, CTC filed a Chapter 11 bankruptcy petition, so that it could continue to operate its business while reorganizing its liabilities. On April 14, 2011, the Bankruptcy Court conducted a hearing on CTC's first-day motions and approved CTC's request to use certain cash collateral that will permit CTC to continue to operate. CTC is currently in the process of filing an employment application in the Bankruptcy Court to obtain approval to retain Knobbe, Martens, Olson & Bear, LLP ("Knobbe Martens") as special counsel to continue to represent CTC in this action. CTC anticipates that its employment application to retain Knobbe Martens will be resolved in the next three weeks.

On April 8, 2011, the parties conducted a Conference of Counsel pursuant to Local Rule 7-1 to discuss a motion contemplated by Mercury to disqualify Knobbe Martens from representing CTC due to an alleged conflict.

In order to allow time for the employment application to be approved in Bankruptcy Court and for this Court to rule on Mercury's contemplated disqualification motion, the parties request a partial stay of this action.

## III. CTC'S PROPOSED BRIEFING SCHEDULE AND PARTIAL STAY

CTC proposes a modestly expedited briefing schedule for Mercury's contemplated motion to disqualify Knobbe Martens that will result in the Motion being heard in 4 weeks. CTC also proposes a short, partial stay of 28 days that will allow time for the disqualification motion to be heard and the Bankruptcy Court to appoint Knobbe Martens as special counsel but will not

disrupt the current trial date.

CTC opposes Mercury's request for a 45-day stay, because it would disrupt the existing trial date and it is not necessary to resolve the disqualification motion. Mercury could have filed its motion on April 18 (10 days after the meet and confer), but Mercury is waiting until April 25 to file its Motion. Moreover, Mercury also requests as part of a 45-day stay that the trial date be moved.

Accordingly, CTC proposes the following briefing schedule and partial stay:

1. The hearing and briefing schedule for Mercury's contemplated motion to disqualify Knobbe Martens as counsel for CTC shall be:

- Mercury to file its Motion by Friday, April 22, 2011
- CTC to file its Opposition by Thursday, April 28, 2011
- Mercury to file any Reply by Wednesday, May 4, 2011
- Hearing, if necessary, to be held on Monday, May 16, 2011

2. This action shall be partially stayed until May 17, 2011, unless this Court rules on Mercury's contemplated Motion sooner. If the Court issues its ruling prior to May 17, 2011, the stay will be lifted on the date of the Court's ruling.

3. The partial stay will apply to all proceedings in this case except for Mercury's contemplated Motion, which will be briefed pursuant to the schedule set forth above.

4. The case schedule following the stay will be as set forth below:

|  | OLD SCHEDULE | NEW SCHEDULE |
| --- | --- | --- |
| Discovery cut-off | May 13 | June 24 |
| Motion cut-off | June 13 | July 11 |

- 2 -

|  | OLD SCHEDULE | NEW SCHEDULE |
|---|---|---|
| Final Pretrial Conf | August 29 | August 29 (No change) |
| Jury Trial (4 days) | September 20 | September 20 (No change) |

5. Mercury's pending and fully-briefed Motion for Summary Judgment of Invalidity is currently set for hearing on May 2, 2011. Unless the Court decides to take the Motion off calendar and decide it on the papers, the hearing shall be moved to May 23, 2011 at 8:30 a.m.

6. Rebuttal expert reports currently agreed to be served on or before April 27, 2011 will be served on or before May 27, 2011.

## IV. MERCURY'S PROPOSED BRIEFING SCHEDULE AND PARTIAL STAY

This litigation has been pending since March 3, 2009. During this two years, CTC has been represented by three law firms. Initially, CTC was represented by Theodore Macieko of Jones, Day, Reavis & Pogue. On May 24, 2010, CTC requested and the Court granted CTC leave to substitute Nathaniel L. Dilger of One, LLP in place of Mr. Macieko. (Dkt. Nos. 75, 76). On April 1, 2011, CTC requested leave to substitute Craig S. Summers in place of Mr. Dilger, and the Court approved this substitution on April 8, 2011 (Dkt Nos. 167, 172). Mercury is now preparing a Motion to Disqualify Mr. Summers of Knobbe, Martens, Olsen & Bear LLP and his firm, and plans to file this Motion with the Court on Monday, April 25, 2011. The Knobbe firm has a clear conflict in representing CTC in this action at this late date. At the outset of this case, in March 2009, Knobbe Martens met with Mercury to discuss defending this litigation when Mercury was seeking legal representation in this matter. Additionally, on at least one separate occasion, Mercury met with Knobbe Martens to discuss the claims contained in the CTC and Mercury patents and

- 3 -

patent applications and global patent strategies. As such, Knobbbe Martens had and continues to have confidential information obtained in the course of attorney-client communications with Mercury which is clearly relevant to this action, and which disqualifies Knobbe from representing CTC in this action.[1]

Adding further disruption to this litigation, CTC has now filed for Chapter 11 bankruptcy protection on April 10, 2011, two days after Knobbe substituted in as counsel for CTC in this action. While CTC has not paid its prior counsel and other creditors, Knobbe has apparently been paid a $1.5 million retainer to represent CTC in this action. The Bankruptcy Court however has yet to approve Knobbe's retention or allowed Knobbe the right to use this retainer to represent CTC in this action.

Although CTC has had two years to prosecute this action (apart from the temporary stay the Court entered in this action on August 30, 2009 pending reexamination of CTC's patents) (Dkt. No. 48), CTC has done virtually nothing for two years. In fact, although the parties filed a joint stipulation to lift the stay in this action following reexamination on March 23, 2010 (Dkt. No. 73), *CTC has not taken a single deposition in this action for two years*. Now, however, that the Knobbe firm has been retained armed with a $1.5 million retainer, CTC has suddenly decided to serve a massive amount of discovery one month prior to the current May 13, 2011 discovery cutoff. This includes a demand to inspect Mercury's premises presently scheduled for May 9, 2011, and 15 depositions, including Waymon Goch scheduled for April 25, 2011; Mike Andrews scheduled for Ridgewood, New Jersey on April 26, 2011; Terry McQuarrie, Ph.D. scheduled for April 26, 2011; Michael Winterhalter scheduled for April 27, 2011; Brian Brittsan scheduled for San Diego, California on April 27, 2011;

---

[1] CTC apparently has not paid its lawyers for representing CTC in this action. Jones Day is listed as one of CTC's 20 largest unsecured creditors in the sum of $382,0566.44, and One LLP is also listed as being owed $265,673.89.

- 4 -

Todd Harris scheduled for April 28, 2011; Wang Chen scheduled for April 28, 2011; Edward Skonezny scheduled for April 29, 2011; Ron Morris scheduled for May 3, 2011; Livio Gambone scheduled for May 4, 2011; Mercury's Rule 30b6 deposition scheduled for May 4, 2011; General Cable Corporation's scheduled for May 5, 2011 in Highland Heights, Kentucky; Golam M. Newaz, Ph.D. scheduled for May 5, 2011; Diversified Composites scheduled for May 6, 2011 in Alexandrea, Virginia; and Joseph E. Sumarak scheduled for May 6, 2011.  None of these dates were ever discussed with Mercury or its counsel to determine whether they were convenient for the deponents or counsel.  CTC and Knobbe simply selected them on their own and now insist that Mercury and its counsel drop everything they are doing to fly around the country to accommodate CTC's last minute decision to compress two years of discovery into less than a month.  Even CTC knows this is not possible.  That is why CTC proposes that all deadlines be extended for only 28 days except the discovery cut-off, which CTC proposes be extended from May 13, 2011 to June 24, 2011 (i.e., for 42 additional days).

  CTC itself has created the problems it now wants this Court to address. Three lawfirms have been used over three years, and CTC's latest choice has an obvious conflict that must now be resolved before Knobbe continues to conduct any further work in this case.  CTC's recent bankruptcy filing also raises concerns whether the Bankruptcy Court will approve the retention of Knobbe or any other lawfirm to continue to prosecute this action, much less allow counsel to use the $1.5 million retainer CTC apparently paid Knobbe on the eve of filing bankruptcy.  Finally, having not taken a single deposition in this case for two years, there is absolutely no reason Mercury and its counsel should now have to fly around the country on less than two weeks notice in less than a month to defend depositions in Southern California, Virginia, New Jersey and Kentucky.

/ / /

Mercury's proposal is straightforward, simple and imminently reasonable. Mercury would first like this Court to decide the Knobbe disqualification Motion, as well as Mercury's pending summary judgment based on patent invalidity before any further proceedings in this action (including CTC's eleventh hour discovery). To ensure adequate time to decide these two Motions, Mercury proposes a 45-day temporary stay and extension of all deadlines (including trial). Mercury and its counsel should not have to compress this Court's existing pretrial and trial schedule simply because CTC and its new counsel want the schedule revised to serve their interests, particularly since any disruption in the existing schedule is solely attributable to CTC and to its choice of conflicted counsel. Moreover, since Mercury intends to file an objection to the Bankruptcy Court to the debtor application to employ Knobbe and thereby commence a contested matter under the federal rules of bankruptcy procedure, a 45 day stay is more apt to foster resolution of such contested matter by the Bankruptcy Court than would a mere 28-day stay.

## V. **CTC'S REVISED PROPOSAL AND ATTEMPT TO COMPROMISE**

After receiving Mercury's portion of this stipulation, CTC contacted Mercury's counsel in an attempt to reach a compromise and submit one proposal. Mercury's counsel rejected CTC's compromise and insisted that CTC set forth its new position in a subsequent section. Accordingly, this section sets for CTC's new proposal for a temporary 45-day stay, as proposed by Mercury, but maintaining the current pretrial and trial dates.

- CTC does not oppose Mercury's proposal to file its Motion for disqualification as a regularly noticed motion on Monday, April 25, 2011, which would result in the following schedule:
    - Mercury to file its Motion by Monday, April 25, 2011
    - CTC to file its Opposition by Monday, May 2, 2011
    - Mercury to file any Reply by Monday, May 9, 2011

- o Hearing, if necessary, to be held on Monday, May 23, 2011
- CTC does not oppose Mercury's request for a 45-day stay as it applies to the discovery cut off, motion cut-off, and rebuttal expert reports (CTC's expert Dr. Jerry Fanucci is also submitting an application to be approved by the Bankruptcy Court).
- CTC does not oppose Mercury's request for a continuance of the hearing on Mercury's pending and fully-briefed Motion for Summary Judgment of Invalidity, currently set for May 2, 2011, until after the Bankruptcy Court addresses Knobbe Martens' employment application and this Court addresses Mercury's Motion for disqualification, unless the Court determines that it will decide the Motion on the papers without a hearing.
- CTC opposes Mercury's request for a 45-day stay of the pretrial and trial dates.
- A schedule, consistent with CTC's position, would be as follows:

|  | OLD SCHEDULE | NEW SCHEDULE |
|---|---|---|
| Rebuttal Expert Reports | April 27 | June 10 |
| Hearing on Mercury's MSJ of Invalidity | May 2 | TBD, if necessary |
| Discovery cut-off | May 13 | June 27 |
| Motion cut-off | June 13 | July 25 |
| Final Pretrial Conf | August 29 | August 29 (No change) |
| Jury Trial (4 days) | September 20 | September 20 (No change) |

- 7 -

Respectfully submitted,

Date: April 20, 2011

*/s/ Craig S. Summers*
Craig S. Summers
Irfan A. Lateef
Christy G. Lea
Brian C. Claassen
Christina J. McCullough
**KNOBBE, MARTENS, OLSON & BEAR LLP**
2040 Main Street, 14th Floor
Irvine, CA 92614

Attorneys for Plaintiff
**CTC CABLE CORPORATION**

Date: April 20, 2011

*/s/ James Doroshow (with permission)*
James Doroshow
Jonathan R. Lagarenne
Alan C. Chen
Christopher R. Kinkade
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005

Attorneys for Defendants
**MERCURY CABLE & ENERGY, RONALD MORRIS, TODD HARRIS, EDWARD SKONEZKY, and WANG CHEN**

11100701