# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

O

Case No. SACV 09-261 DOC (MLGx)                        Date: April 26, 2011

Title: CTC CABLE CORPORATION v. MERCURY CABLE & ENERGY, INC. ET AL

PRESENT:

                       THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

       NONE PRESENT                           NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' EX PARTE APPLICATION

       Before the Court is an ex parte Application (the "Application") filed by Defendants Mercury Cable & Energy, Inc. ("Mercury") and individual defendants Ronald Morris, Todd Harris, Edward Skonezny, and Wang Chen ("Mercury Defendants") in the above-captioned case. The Court finds this matter appropriate for decision without oral arguments. Fed.R.Civ. P. 78; Local Rule 7-15. After having considered the moving, opposing, and replying papers, the Court hereby GRANTS IN PART and DENIES IN PART the Application.

       **I.**       **Background**

       Plaintiff CTC Cable Corporation ("CTC") filed the instant lawsuit on March 3, 2009, alleging two claims for patent infringement against Defendant Mercury. On May 21, 2009, the parties stipulated to the filing of a First Amended Complaint ("FAC"), allowing Plaintiff CTC to add a claim for copyright infringement. The Patents-in-Suit include U.S. Patent No. 7,368,162 (the '162 Patent) issued May 6, 2008, and U.S. Patent No. 7,211,319 (the '319 Patent) issued May 1, 2007, both assigned to CTC. These patents deal with electrical transmission technology.

       In June 2010, CTC filed its first motion to file a Second Amended Complaint ("SAC"), in which it named Mercury, Morris, Harris, Skonezky, and Chen as defendants. The Court denied its motion, noting that CTC had failed to adequately explain its addition of defendants it had not

previously identified. On September 13, 2010, CTC filed a renewed, second motion to file an SAC, which the Court granted on October 18, 2010. Defendants then brought a Motion to Strike the SAC, which the Court denied on January 31, 2011.

Despite the filing of the SAC and the Court's denial of the Motion to Strike, Defendants failed to respond to the SAC, and on April 11, 2011, CTC sought entry of default against Mercury and the individual defendants. The Clerk of Court entered default against the individual defendants but did not do so as to Mercury, which had filed a Motion for Summary Judgment on January 3, 2011 (Dockets 183, 184).

On March 1, 2011, CTC entered into a Stipulation for Settlement Including Dismissal as to Defendant General Cable Corporation Only, Without Prejudice ("General Cable Stipulation") (Docket 160). The Court signed an Order dismissing General Cable on April 7, 2011. On April 12, 2011, CTC entered into a Stipulation for Settlement and Dismissal of Diversified, Without Prejudice ("Diversified Settlement") (Docket 182). These stipulations provide that the dismissed defendants will comply with CTC's discovery request that they provide physical exemplars in their possession which they obtained from Mercury.

In addition to entering into the settlement stipulations, on April 10, 2011 CTC filed a Chapter 11 bankruptcy petition. On April 14, 2011, the Bankruptcy Court conducted a hearing on CTC's first-day motions and approved CTC's request to use collateral cash to continue to operate. Craig S. Summers Declaration ("Summers Decl."), ¶ 3. CTC is in the midst of filing an application in the Bankruptcy Court to earn approval of its request to retain Knobbe, Martens, Olson & Bear, LLP ("Knobbe Martens") as special counsel to represent CTC, and expects to discuss this issue at its next bankruptcy hearing on April 27, 2011.

Defendants brought the present Application on April 14, 2011, requesting that: (1) they be allowed to file their answer to the SAC; (2) the Court vacate the entry of default against the individual defendants; (3) the Court strike the portion of the Stipulation for Settlement and Dismissal of Diversified Without Prejudice; (4) the Court strike the portions of the Stipulation for Settlement Including Dismissal as to Defendant General Cable Corporation Only, Without Prejudice; (5) the Court schedule a status conference to discuss the impact of Plaintiff's April 8, 2011 Chapter 11 bankruptcy petition and anticipated motion to disqualify Knobbe, Martens, Olson & Bear, LLP.

On April 21, 2011, the parties presented a Stipulation to Stay Case, which the Court granted on April 22, 2011. The stay will be in effect until June 3, 2011. As part of its Order, the Court also set a briefing schedule for Defendants' anticipated motion on disqualifying Knobbe Martens, and pushed off the date for Defendants' summary judgment motion to be heard. Accordingly, the only remaining issues for the present Application are Defendants' ability to file their answer; Defendants' request to set aside the entry of default against the individual defendants; and Defendants' request to strike portions of CTC's settlement/dismissals with General Cable and Diversified.

## II. Discussion

### A. Request to Allow Defendants to File their Answer to the SAC and Vacate the Entry of Default

Entry of default by a clerk is governed by Federal Rule of Civil Procedure 55. Fed. R. Civ. P. 55. According to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). The "good cause" standard under Rule 55(c) is a lesser standard than the excusable neglect standard required to obtain relief from default judgment under Rule 60(b). *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int' Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). The good cause standard is relaxed because "the preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir.1970).

To determine whether to vacate the clerk's entry of default, the Court considers the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether plaintiff will be prejudiced by setting aside the entry of default. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). However, "[a] court need not consider all of the factors, and may consider other factors as well." *Guttman v. Silverberg*, 167 Fed. Appx. 1, 4 (10th Cir. Dec. 19, 2005) (citing *In re Dierschke*, 975 F.2d 181, 183-84 (5th Cir.1992), *cert. denied* 2006 U.S. LEXIS 3460 (May 1, 2006)). The decision to set aside an entry of default is at the discretion of the trial court judge. *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003).

Defendants argue that they have good cause for their failure to file an answer to the SAC for over two months past its due date. They insist that they intended to file their answer, but that a "clerical error" prevented them from timely responding. *See* Doroshow Decl. ¶ 6. They further elaborate that "counsel for the Mercury Defendants failed to correctly docket the due date for the response . . . ." Memorandum of Points and Authorities in Support of Ex Parte Application ("Application Memo"), 4. The Court sympathizes with CTC's retort that it relied on the failure to respond to the SAC in its Opposition to Mercury's Summary Judgment Motion. CTC's Response ("Opposition"), 4. Nonetheless, it cannot surprise CTC that all of the Mercury Defendants deny the claims alleged against them, given the fact that the basis for the SAC was to add new defendants. Furthermore, any prejudice to CTC is limited by the fact that a stay is in effect.

In these circumstances, the Court finds good cause to vacate the entry of default against the individual defendants and, further, to allow Defendants to file their answers. There was no culpable conduct by the individual defendants; the Court certainly believes Defendants' representations that they *intended* to answer. *See TCI Group Life Ins. Plan*, 244 F.3d at 697 (noting that a "defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer,") (emphasis in original). The Mercury Defendants also have a meritorious defense, as

they can allege facts –and indeed, Mercury itself has alleged facts in its answer and its prior answer to the original complaint–constituting a legitimate defense. Finally, CTC will face minimal prejudice if the individual defendants are permitted to answer. CTC can still pursue its identical claims, and Defendants represent that there has been and will continue to be full compliance with discovery timelines. *See* Application Memo, 6. Finally, in light of the parties' stipulated stay and indefinite postponement of the summary judgment hearings, there will be ample time for any necessary modifications by CTC in light of the striking of the default and the late-filed answer.

### B. Request to Strike Portions of the Settlements

Mercury asks the Court to strike portions of CTC's stipulated dismissals/settlements with defendants General Cable and Diversified, which provide that the dismissed defendants will produce discovery that includes physical exemplars in their possession provided by Mercury. Mercury insists that CTC "is attempting to circumvent this Court's prior discovery Order denying CTC access to the products it now seeks." Application Memo, 7. However, Mercury failed to raise its objections to the stipulated dismissal of defendant General Cable for six weeks, and failed to highlight its concerns prior to the Court signing the Order permitting the dismissal.

The Court is disinclined to allow Mercury to interfere in the settlement proceedings of another defendant. Nonetheless, there may be legitimate reasons for the Court to intervene in this instance. Should Mercury wish to reiterate its request that the Court strike these provisions, its present vague and minimally-developed objections should be articulated more clearly in a regularly noticed motion, following the lifting of the stay. Any urgent need for resolution of this immediately on an ex parte basis is mooted by the pending stay.

### C. CTC's Bankruptcy Proceedings' Impact on This Case

Given the parties' stipulated stay, which the Court granted on April 22, 2011, it does not appear necessary at the present time to determine the impact of CTC's bankruptcy proceedings on this case. By the time the stay is lifted on this case, CTC will have met with the bankruptcy court again, and both the parties and the Court will have more information to determine any potential impact on this case. No status conference is deemed necessary at this time, since the case is presently stayed.

### D. Motion to Disqualify Knobbe Martens

As mentioned above, pursuant to the Court's Order granting the parties' stipulated stay and proposed briefing schedule, this issue is set for a hearing on May 23, 2011. The Court will consider this issue when the briefing has been completed.

### III. Disposition

The Court hereby orders:

(1) That Defendants be allowed to file their answer to the SAC, following the lifting of the stay;

(2) That the entry of default against the individual defendants be vacated;

(3) That, pursuant to the stipulated stay, the pending summary judgment motion is delayed indefinitely.

The Clerk shall serve this minute order on all parties to the action.