Craig S. Summers (SBN 108,688)
craig.summers@kmob.com
Irfan A. Lateef (SBN 204,004)
irfan.lateef@kmob.com
Christy G. Lea (SBN 212,060)
christy.lea@kmob.com
Brian C. Claassen (SBN 253,627)
brian.claassen@kmob.com
Christina J. McCullough (SBN 245,944)
christina.mccullough@kmob.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
**CTC CABLE CORPORATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CTC CABLE CORPORATION, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>MERCURY CABLE & ENERGY, INC., etc., et al.,<br><br>Defendants. | Civil Action No.<br>SACV 09-0261 DOC (MLGx)<br><br>**CTC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS *EX PARTE* APPLICATION FOR AN ORDER FOR FULL STAY OF LITIGATION**<br><br>The Honorable David O. Carter |

Plaintiff CTC Cable Corporation ("CTC") submits the following memorandum of points and authorities in support of its *ex parte* application for an order staying this litigation, including Mercury's Motion to Disqualify Knobbe Martens, until CTC resolves its pending bankruptcy proceedings.

## LOCAL RULE 7-19 NOTICE

In accordance with Local Rule 7-19, and as stated in the accompanying *ex parte* application and declaration of Christy G. Lea, notice of this application was provided on June 9, 2011, to Defendant's counsel, James Doroshow, Fox Rothschild LLP, 1800 Century Park East, Suite 300, Los Angeles, California 90067, (310) 598-4150, jdoroshow@foxrothschild.com.

## I. BACKGROUND

On April 22, 2011, this Court issued an Order (DI 195) granting a partial stay of this litigation until June 3, 2011. The partial stay was granted to allow time for Mercury to move to disqualify Knobbe Martens from representing CTC based on an alleged conflict and to allow time for the bankruptcy court overseeing CTC's bankruptcy proceeding to address Knobbe Martens' application to be employed as patent litigation counsel for CTC. As of this filing, this Court has not issued an order on Mercury's disqualification motion, and the bankruptcy court has not made a decision on Knobbe Martens' employment application.

## II. CTC REQUESTS A STAY OF THIS LITIGATION PENDING THE OUTCOME OF ITS BANKRUPTCY PROCEEDINGS

In order to conserve judicial resources, CTC requests a stay of this litigation until the conclusion of the bankruptcy proceedings. While difficult to predict, it is possible that the bankruptcy proceedings will be resolved in approximately 60-90 days.

CTC further requests that the stay apply to Mercury's pending motion to disqualify, because the motion may not need to be addressed depending upon

the outcome of the bankruptcy proceedings. Accordingly, CTC seeks a full stay of all proceedings in this case, including Mercury's motion to disqualify, until the bankruptcy proceedings are fully resolved.

### III. THE PARTIES ARE IN AGREEMENT THAT THIS LITIGATION SHOULD BE STAYED

The parties agree that this litigation should be stayed pending the outcome of the CTC bankruptcy proceeding. The parties further agree that the stay should include Mercury's pending Motion to Disqualify Knobbe Martens.

### IV. THE PARTIES' INABILITY TO REACH AGREEMENT ON THE LANGUAGE OF A JOINT STIPULATION FOR STAY

Despite their basic agreement that this case should be fully stayed, unfortunately the parties were unable to agree on the language for the stipulation. Lea Decl. ¶¶ 2-7, Ex. 1. Mercury insisted upon including details about the bankruptcy proceedings in the stipulation that, in CTC's view, were irrelevant. For example, Mercury wanted the Court to know that it "believes that a full stay of the litigation is appropriate because it believes that CTC has informed the Bankruptcy Court that, among other options, CTC is now considering selling its assets, including the patents in suit." *Id.*, Ex. 1 at 70. In order to "prove" this statement, Mercury insisted upon attaching a Stipulation for Cash Collateral from the bankruptcy proceedings. However, the document that Mercury sought to attach was not the final Stipulation for Cash Collateral filed with the Bankruptcy Court. CTC explained to Mercury, as well as in the draft stipulation for stay, that the document Mercury sought to include was not the final, filed version and that changes had subsequently been made to the document. CTC provided Mercury a copy of the file-stamped final document and offered to attach both the earlier version and the final version of that document to the stipulation for stay. *Id.*, Ex. 1 at 48-59. Mercury still objected and refused to sign the stipulation.

For the past six days, CTC attempted to negotiate in good faith with Mercury to file what should have been a straight-forward and simple stipulation. Mercury continually objected to the drafts proposed by CTC and repeatedly accused CTC and its counsel of gamesmanship and trying to hide information about the bankruptcy proceedings. Negotiating with Mercury has become an endless exercise in futility. Rebuttal expert reports are due tomorrow in this patent litigation, and CTC cannot wait any longer to raise with the Court the parties' mutual request for a stay. Accordingly, CTC seeks a stay by way of this ex parte application.

## V. CONCLUSION

CTC requests that the Court stay this litigation pending the conclusion of its bankruptcy proceeding. Mercury does not oppose such a stay.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 9, 2011        By:   */s/ Christy G. Lea*
                                           Craig S. Summers
                                           Irfan A. Lateef
                                           Christy G. Lea
                                           Brian C. Claassen
                                           Christina J. McCullough

Attorneys for Plaintiff,
CTC CABLE CORPORATION

11359894